# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund,<br><br>Plaintiff,<br><br>v.<br><br>Scoutlite Corporation, a California corporation; Western Surety Company, a South Dakota corporation; et al.,<br><br>Defendants. | Case No. 2:24-cv-01059-RFB-DJA<br><br>**Order** |

This is a breach of contact action arising out of labor agreements under which Defendant Scoutlite Corporation was required to pay Plaintiff—the Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund—to fund employee benefits.[1] Plaintiff moves to serve Scoutlite by alternative means and to extend the time for service. (ECF No. 5). Because the Court finds that Plaintiff's proposed alternative service methods are reasonably calculated to provide Scoutlite with notice and an opportunity to respond, it grants the motion.

**I.      Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is

---

[1] Plaintiff represents that it and Defendant Western Surety Company have reached a settlement in this matter, and the instant motion only involves Scoutlite, so the Court does not outline Western's involvement in the case here.

governed by Rule 4 of the Federal Rules of Civil Procedure.  A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted).  Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Id.*  "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."  *Id.*

Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or association located in a judicial district of the United States may be served in the manner prescribed by Rule 4(e)(1) for serving an individual[2] or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process.  Under the California Code of Civil Procedure, California corporations may be served, in relevant part, by delivering a copy of the summons and complaint to an agent designated for service of process; the chief executive officer, a secretary, or a chief financial officer.  *See* Cal. Code. Civ. P. § 416.10.  California law also authorizes service of the summons and complaint by first class or airmail, postage prepaid, with a return envelope, postage prepaid.  Cal. Code. Civ. P. § 415.30(a).[3]

Under California law, when a plaintiff cannot with "reasonable diligence" locate a defendant's designated agent or any other person authorized to receive service, California Corporations Code § 1702(a) permits an application for a court order that service be made by hand delivery of the summons and complaint to the California Secretary of State.  *Pension Benefit*

---

[2] Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

[3] Service is complete by this method when a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.  *Arias v. BL Custom Upholstery, Corp.*, No. cv-23-7256-PVC, 2023 WL 9418433, at *3 (C.D. Cal. Sept. 29, 2023).

*Guar. Corp. v. Ward Tech. Prod., Inc.*, No. 2:22-CV-02312-DAD-DB, 2023 WL 2958009, at *1 (E.D. Cal. Apr. 14, 2023). That rule provides that,

> if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process…and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10 [personal service], subdivision (a) of Section 415.20 [personal service at an office or mailing address on a person in charge along with service by mail] or subdivision (a) of Section 415.30 [service by first class or airmail, postage prepaid, return requested] of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b), or (c) of Section 416.10 [personal service on a corporation's officers or registered agent] or subdivision (a) of Section 416.20 [personal service on a corporation's trustee] of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code. § 1702(a).

As a condition precedent to the issuance of an order for such substituted service, a plaintiff's affidavit must establish that the corporation cannot be served with the exercise of due diligence in any other manner provided by law. *Pension Benefit*, 2023 WL 2958009, at *2.

## II.   Discussion.

Plaintiff explains that it has attempted to serve Scoutlite by both personal service (consistent with California Code of Civil Procedure §§ 415.10 and 416.10) and service via mail, return receipt requested (consistent with California Code of Civil Procedure § 415.30(a)). (ECF No. 5 at 3-4). Plaintiff explains that Scoutlite's registered agent is listed as Cynthia E. Gardner, its chief executive officer is listed as Jeffrey David Shannon, and its secretary/chief financial officer is listed as Vonny Shannon. (*Id.*).

Plaintiff represents that the addresses it could find for Scoutlite include the following:

- P.O. Box 1651, Yucaipa, CA 92399
- 12339 Bryant St., Yucaipa, CA 92399

- 1904 Riverview Dr. Ste. 114, San Bernadino, CA 92408
- 1442 S. Gage St., San Bernadino, CA 92408

(*Id.*).

Plaintiff represents that the address it could find for Gardner includes the following:

- 34639 Boros Blvd., Beaumont, CA 92223

(*Id.*).

Plaintiff represents that the addresses it could find for Jeffrey David Shannon include the following:

- 12339 Bryant St., Yucaipa, CA 92399
- 1904 Riverview Dr. Ste. 114, San Bernadino, CA 92408
- 1442 S. Gage St., San Bernadino, CA 92408

(*Id.*).

Plaintiff represents that the address it could find for Vonny Shannon includes the following:

- 12339 Bryant St., Yucaipa, CA 92399

(*Id.*).

Plaintiff attempted personal service at the Boros address, the Bryant address, and the Gage address. (*Id.* at 26-28). The process server noted that there was movement inside at the Boros and Bryant addresses, but no answer. (*Id.* at 26, 27). The process server noted that the Gage address was no longer a good address because Scoutlite had moved out and a sandblasting company now occupies the space. (*Id.* at 28). Plaintiff did not attempt personal service on the Riverview address. Plaintiff also attempted service by first class mail, postage prepaid on the Boros address, the Bryant address, the P.O. Box address, and the Riverview address. (*Id.* at 4). However, after waiting twenty days, Plaintiff received no acknowledgement of receipt. Plaintiff did not attempt service by mail on the Gage address. (*Id.* at 5). Plaintiff asks the Court for additional time to attempt service by mail at the Gage address. (*Id.*). Plaintiff also asks that, if service by mail is unsuccessful, the Court allow Plaintiff to serve Scoutlite via the California Secretary of State. (*Id.* at 5-7).

Here, the Court finds that Plaintiff has been diligent in attempting to serve Scoutlite and will thus grant Plaintiff's motion in part and deny it in part. The Court denies the motion in part only to add an additional requirement. Along with attempting to serve Scoutlite via first class mail, return receipt requested at the Gage address, Plaintiff must also attempt personal service at the Riverview address. If these methods of service are unsuccessful, Plaintiff may attempt service via the California Secretary of State as outlined in California Corporations Code § 1702(a).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to make alternative service of process on Defendant Scoutlite Corporation (ECF No. 5) is **granted in part and denied in part.** It is denied in part only to the extent that the Court adds the requirement that Plaintiff attempt personal service on Scoutlite at the Riverview address before attempting service via the California Secretary of State. It is granted in all other respects.

**IT IS FURTHER ORDERED** that the Federal Rule of Civil Procedure 4(m) deadline for Plaintiff to effectuate service is extended to **November 11, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff must attempt service on Scoutlite by the following methods:

- Service by first class mail or airmail, postage prepaid, with return envelope, postage prepaid to Scoutlite Corporation at 1442 S. Gage St., San Bernadino, CA 92408 as provided by California Code of Civil Procedure § 415.30.
- Personal service to Scoutlite Corporation at 1904 Riverview Dr. Ste. 114, San Bernadino, CA 92408 as provided in California Code of Civil Procedure § 415.10 and § 416.10.

///

///

///

1  **IT IS FURTHER ORDERED** that if the above methods of service are unsuccessful, Plaintiff may attempt service on Scoutlite via the California Secretary of State as provided in California Corporations Code § 1702(a).

DATED: September 16, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE